**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MICHAEL TODD )<br>    Plaintiff )<br> )<br>v. )<br> )<br>CHIROMED PAIN TREATMENT, PC, )<br>METRO MARKETNG, L.L.C., )<br>ARIEL FREUD )<br>    Defendants ) | Case No. 11-cv-5847 |

**COMPLAINT**

COMES NOW, Michael Todd, Plaintiff, *pro se* and for his Complaint against Defendants, states as follows:

**PARTIES, JURISDICTION AND VENUE**

1.  Plaintiff, MICHAEL TODD (herein "Todd"), is an individual consumer and resident of Cook County, Illinois.

2.  Defendant, CHIROMED PAIN TREATMENT, PC (herein "CHIROMED") is an Illinois professional corporation. CHIROMED is located and routinely conducts business in Cook County, Illinois.

3.  Defendant METRO MARKETING, L.L.C. (herein "METRO") is a foreign limited liability company that routinely conducts outbound telemarketing on behalf of CHIROMED into this district.

4. Defendant ARIEL FREUD (herein "FREUD") is a competent adult individual who, based on information and belief, is a resident of New Jersey.

5. 47 U.S.C. § 227 *et seq.*, presents a federal question and as such, jurisdiction arises under 28 U.S.C. § 1331. Venue is proper as each defendant conducts business in this district and Todd was damaged in this district. This Court may also exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to any federal law claims under 28 U.S.C. §1367.

## FACTUAL ALLEGATIONS

6. On information and belief, prior to July 12, 2011, CHIROMED entered into a verbal or written agreement for METRO to place outbound telemarketing calls to entice consumers like Todd to schedule appointments for chiropractic care at CHIROMED for profit. All actions taken by employees, agents, servants, or representatives of any type for Defendants were taken in the line and scope of such individuals' (or entities') employment, agency, or representation. On information and belief, at all times relevant herein, METRO was acting as an agent for CHIROMED. Prior to entering into a verbal or written agreement for METRO to place outbound telemarketing calls, if CHIROMED had used reasonable care, it would have found the METRO script violates Illinois telemarketing statutes and TCPA as further described herein and/or any internet search would have turned up a long list of consumer complaints relating to alleged telemarketing violations by METRO. In the alternative, CHIROMED failed to use reasonable care in selecting and/or allowing METRO to market its products or services and are thereby liable for the actions and/or inactions of METRO.

7. On information and belief, FRUED is the sole member of METRO and FREUD authorized and approved all actions and/or inactions of METRO as described herein.

8. On information and belief METRO's telemarketing script used in the calls to Todd did not require METRO to inquire at the beginning of the call if Todd consented to the telemarketing solicitation.

9. On information and belief, the telemarketing script used during the calls to Todd from METRO, calling on behalf of CHIROMED, was authorized and/or approved by FREUD and/or FREUD had knowledge of the wording of the script but failed to take any action to change the wording to include an inquiry at the beginning relating to whether a called party consented to the solicitation. On information and belief, FREUD had knowledge and authorized and/or approved and/or failed to stop the use of the name "The Doctors Network" in telemarketing calls and on messages.

10. On or about July 12, 2011, Todd received an unsolicited telemarketing call on his residential telephone number of 708-576-8156 from 805-309-9558. Upon information and belief, the call was made by METRO on behalf of CHIROMED.

11. During the entire course of the July 12, 2011 telemarketing call, Todd was never provided with an address or telephone number for METRO or CHIROMED. On July 12, 2011, Todd called the telephone number 805-309-9558. Upon calling the number, Todd heard a

message that began with the following: "Hello. You have reached The Doctors Network". Todd requested to be placed on METRO's and/or CHIROMED's do-not-call list on July 12, 2011.

12. On or about August 15, 2011, Todd received an unsolicited telemarketing call on his residential telephone number of 708-576-8156 from 609-318-9570. Upon information and belief, the call was made by METRO on behalf of CHIROMED. During the entire course of the August 15, 2011 telemarketing solicitation, Todd was not provided with a telephone number for METRO or CHIROMED, was not provided with the name of the individual calling, and was not provided with the company name for METRO or CHIROMED.

13. As a result of the July 12, 2011 and August 15, 2011 illegal telemarketing calls, Todd has suffered damages to be proven at trial.

14. Sometime thereafter Todd was contacted by FREUD. During the course of the conversation, FREUD stated that "The Doctors Network is one of our dba's".

15. Todd has spent valuable time and money tracking down the true perpetrator of the illegal telemarketing calls and valuable time and money attempting to verify FREUD's assertion that The Doctors Network is a dba of METRO. Todd has found no information registered with any states showing The Doctors Network to be a fictitious business name of METRO.

16. METRO and FREUD uses this sham name in an attempt to cover its true identity to shield itself from receiving complaints directly from consumers or allowing consumers to properly identify METRO to make complaints to state or federal authorities.

COUNT ONE: Violation of 47 C.F.R. § 64.1200(d)(4)

17. Todd repeats and reincorporates each and every paragraph above as if set forth herein.

18. In the entire course of action, METRO violated 47 C.F.R. § 64.1200(d)(4) during the July 12, 2011 telemarketing call to Todd by failing to provide an address or telephone number for METRO and/or CHIROMED.

19. On information and belief, the July 12, 2011 call from METRO was made on behalf of CHIROMED.

20. The failure to provide an address or telephone number was willful. Accordingly, Todd is entitled to treble damages.

21. Todd has been damaged as a result of the actions and/or inactions of METRO and/or CHIROMED.

22. METRO, FREUD, and CHIROMED are liable to Todd for his damages.

WHEREFORE, Todd demands judgment against METRO, FREUD, and CHIROMED for statutory damages of up to $500, treble damages, the costs of this action, and any other relief deemed just and appropriate.

COUNT TWO: Violation of 47 C.F.R. § 64.1200(d)(3)

23. Todd repeats and reincorporates each and every paragraph above as if set forth herein.

24. In the entire course of action, METRO violated 47 C.F.R. § 64.1200(d)(3) on or around July 12, 2011 by failing to record Todd's request to be placed on METRO and/or CHIROMED's do-not-call list.

25. On information and belief, the July 12, 2011 call from METRO was made on behalf of CHIROMED.

26. The failure to place Todd on the do-not-call list was done willfully or knowingly. Accordingly, Todd is entitled to treble damages.

27. Todd has been damaged as a result of the actions and/or inactions of METRO and/or CHIROMED.

28. METRO, FREUD, and CHIROMED are liable to Todd for his damages.

WHEREFORE, Todd demands judgment against METRO, FREUD, and CHIROMED for statutory damages of up to $500, treble damages, the costs of this action, and any other relief deemed just and appropriate.

COUNT THREE: Violation of 47 C.F.R. § 64.1200(d)(3)

29. Todd repeats and reincorporates each and every paragraph above as if set forth herein.

30. In the entire course of action, METRO violated 47 C.F.R. § 64.1200(d)(3) on or around August 15, 2011 by failing to honor Todd's July 12, 2011 do-not-call request by placing the telemarketing call to Todd on August 15, 2011.

31. On information and belief, the August 15, 2011 call from METRO was made on behalf of CHIROMED.

32. The failure to place Todd on the do-not-call list was done willfully or knowingly. Accordingly, Todd is entitled to treble damages.

33. Todd has been damaged as a result of the actions and/or inactions of METRO and/or CHIROMED.

34. METRO, FREUD, and CHIROMED are liable to Todd for his damages.

WHEREFORE, Todd demands judgment against METRO, FREUD, and CHIROMED for statutory damages of up to $500, treble damages, the costs of this action, and any other relief deemed just and appropriate.

### COUNT FOUR: Violation of 47 C.F.R. § 64.1200(d)(4)

35. Todd repeats and reincorporates each and every paragraph above as if set forth herein.

36. In the entire course of action, METRO violated 47 C.F.R. § 64.1200(d)(4) on or around August 15, 2011 by failing to provide Todd with the name of the individual caller.

37. On information and belief, the August 15, 2011 call from METRO was made on behalf of CHIROMED.

38. The failure to provide the name of the individual caller was done willfully or knowingly. Accordingly, Todd is entitled to treble damages.

39. Todd has been damaged as a result of the actions and/or inactions of METRO and/or CHIROMED.

40. METRO, FREUD, and CHIROMED are liable to Todd for the damages.

WHEREFORE, Todd demands judgment against METRO, FREUD, and CHIROMED for statutory damages of up to $500, treble damages, the costs of this action, and any other relief deemed just and appropriate.

### COUNT FIVE: Violation of 47 C.F.R. § 64.1200(d)(3)

41. Todd repeats and reincorporates each and every paragraph above as if set forth herein.

42. In the entire course of action, METRO violated 47 C.F.R. § 64.1200(d)(3) on or around August 15, 2011 by failing to provide the name of the entity on whose behalf the call was made.

43. On information and belief, the August 15, 2011 call from METRO was made on behalf of CHIROMED.

44. The failure to provide the name of the entity on whose behalf the call was made was done willfully or knowingly. Accordingly, Todd is entitled to treble damages.

45. Todd has been damaged as a result of the actions and/or inactions of METRO and/or CHIROMED.

46. METRO, FREUD, and CHIROMED are liable to Todd for his damages.

WHEREFORE, Todd demands judgment against METRO, FREUD, and CHIROMED for statutory damages of up to $500, treble damages, the costs of this action, and any other relief deemed just and appropriate.

### COUNT SIX: Gross Negligence

47. Todd repeats and reincorporates each and every paragraph above as if set forth herein.

48. At all times relevant herein, METRO owed a duty to Todd under 815 ILCS 413/15 to inquire at the beginning of the call whether Todd consented to the solicitation.

49. During both calls from METRO, Todd was never asked if he consented to the solicitation.

50. As a result, Todd has suffered damages to be proven at trial.

51. CHIROMED is vicariously liable for the actions or inactions of its agent, METRO.

52. METRO, FREUD, and CHIROMED are each liable to Todd for his damages.

53. The refusal to ask Todd whether he consented to the solicitation was willful. Accordingly, Todd is entitled to punitive damages.

WHEREFORE, Todd demands judgment against METRO, FREUD, and CHIROMED for nominal, actual, compensatory, and punitive damages of $75,000, the costs of this action, and any other relief deemed just and appropriate.

### COUNT SEVEN: Violation of 815 ILCS 413/15

54. Todd repeats and reincorporates each and every paragraph above as if set forth herein.

55. At all times relevant herein, METRO owed a duty to Todd under 815 ILCS 413/15 to inquire at the beginning of the call whether Todd consented to the solicitation.

56. During both calls from METRO, Todd was never asked if he consented to the solicitation.

57. As a result, Todd has suffered actual damages to be proven at trial.

58. CHIROMED is vicariously liable for the actions or inactions of its agent, METRO.

59. METRO, FREUD, and CHIROMED are each liable to Todd for his damages.

60. The refusal to ask Todd whether he consented to the solicitation was willful. Accordingly, Todd is entitled to treble damages.

WHEREFORE, Todd demands judgment against METRO, FREUD, and CHIROMED for nominal, actual, compensatory, and treble damages, the costs of this action, and any other relief deemed just and appropriate.

### COUNT SEVEN: Fraud

61. Todd repeats and reincorporates each and every paragraph above as if set forth herein.

62. METRO, through its recorded message states that its company name is "The Doctors Network".

63. Acting on the reliance of METRO's statement, Todd spent money and time attempting to track down contact information for The Doctors Network.

64. At the time METRO made the statement, it knew the same to be false.

65. The statement was made in an attempt to divert Todd from learning METRO's true identity.

66. Todd has been damaged as a result.

67.     The actions of METRO were willful, wanton, and in reckless disregard to Todd's rights. Accordingly, Todd is entitled to punitive damages.

68.     METRO, FREUD, and CHIROMED are liable to Todd for the damages.

WHEREFORE, Todd demands judgment against METRO, FREUD, and CHIROMED, both jointly and severally, for nominal, actual, compensatory, and punitive damages of $75,000, the costs of this action, and any other relief deemed just and appropriate.

### COUNT EIGHT: Gross Negligence

69.     Todd repeats and reincorporates each and every paragraph above as if set forth herein.

70.     At all times relevant herein, METRO and FREUD owed a duty under 720 ILCS 5/14-3(j) to only use recordings of the telemarketing calls from METRO to Todd for the following purposes:

- The monitoring is used for the purpose of service quality control of marketing or opinion research or telephone solicitation, the education or training of employees or contractors engaged in marketing or opinion research or telephone solicitation, or internal research related to marketing or opinion research or telephone solicitations; and
- The monitoring is used with the consent of at least one person who is an active party to the marketing or opinion research conversation or telephone solicitation conversation being monitored.

71. FREUD and METRO used the recordings in an attempt to verify or disprove Todd's claims against them, which is outside the scope of compliance with the statute, thereby breaching the duty owed to Todd.

72. The actions were willful, wanton, and in reckless disregard to Todd's rights. Accordingly, Todd is entitled to punitive damages.

73. As a result, Todd has suffered damages to be proven at trial.

74. CHIROMED is vicariously liable for the actions or inactions of its agent, METRO. METRO and FREUD are liable to Todd.

WHEREFORE, Todd demands judgment against METRO, FREUD, and CHIROMED, both jointly and severally, for nominal, actual, compensatory, and punitive damages of $75,000, the costs of this action, and any other relief deemed just and appropriate.

## TRIAL BY JURY

75. Todd demands a trial by jury.

Respectfully submitted:/s/ Michael Todd
Michael Todd, Plaintiff
9134 Del Prado Dr., 2N
Palos Hills, IL 60465
Ph. 708-576-8156